# RAFAEL CARRION ET AL.

*v.*

# LA SOCIEDAD ANÓNIMA SUCRERIE DE SAINT JEAN.

San Juan, Equity, No. 893.

SETTING ASIDE DECREES.

Practice—Setting Aside Decree *Pro Confesso.*
> The court has discretion to set aside the decree *pro confesso* at a previous term, and will exercise it by imposing such costs as will pay the costs of the decree and of setting it aside, so that the parties will be placed in the position they were in before the decree.

Opinion filed May 6, 1913.

*Mr. Francis E. Neagle* for complainant.

*Messrs. Herminio Diaz, H. G. Molina,* and *H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

Counsel can appreciate that the court is placed in a very delicate position in passing on matters that occurred before this judge came to the island, and I do so with considerable diffidence. The court wishes the cases tried, and does not doubt that that is the wish of the parties. There would be no advantage

Carrion v. La Sociedad Anónima Sucrerie De Saint Jean.

in bringing cases if they did not wish them tried. I am willing to assume what both parties say, as far as they agree.

I will say this, that it appears to me that there has been slight negligence in the matter of filing an answer, because counsel had something like two weeks before going away, and, when going away, he could have left it with other counsel; but, at the same time, the court is not willing to press that too far. The court will impose terms simply of the costs of the decree and of this motion to set aside the decree, and allow the defendant five days to answer.

The order of the court is that this motion is granted upon the filing of a full answer within five days, and the payment of whatever are the costs of court connected with the decree *pro confesso* and setting aside the same. Whether it is 50 cents or $50, I do not know. In other words, I will put the parties back where they were before this came up at the instance of the defendant.